UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
JUL 13 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-93-GWU

TERRY BROWN, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### INTRODUCTION

The plaintiff originally brought Brown v. Barnhart, London Civ. Action No. 01-172 (E.D. Ky.) in order to seek judicial review of an administrative decision denying his application for Disability Insurance Benefits (DIB). After a remand prompted by the undersigned's Memorandum Opinion, Order and Judgment of June 14, 2002 (Tr. 308-320), another negative administrative decision was issued (Tr. 258-271) and the continuing appeal was redocketed in federal court under the present civil action number. It is before the undersigned on the plaintiff's motion to file newly discovered evidence, which is interpreted as a motion to remand.

### STANDARDS APPLICABLE TO MOTIONS TO REMAND

In assessing the positions of the parties, it must be noted the pertinent federal statute provides that:

> The Court may . . . at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .

42 U.S.C. Section 405(g) (emphasis added).

1

While "good cause" for failure to incorporate such evidence might be established when the additional records were not compiled until after the administrative hearing, <u>Oliver v. Secretary of Health and Human Services</u>, 804 F.2d 964, 966 (6th Cir. 1986), the fact that the plaintiff did not seek to have the record remain open to be able to submit evidence mitigates against such a finding, <u>Willis v. Secretary of Health and Human Services</u>, 727 F.2d 551, 554 (6th Cir. 1984).

To be "material," the documents must be "both relevant and probative," "bearing directly and substantially on the matter in dispute," or "likely to have produced a different administrative result." <u>Huffler v. Heckler</u>, 59 F. Supp. 626, 627 (S.D. Ohio 1984). In order to satisfy this materiality criterion, the claimant must demonstrate that there is a reasonable probability that the Administrative Law Judge (ALJ) would have reached a different conclusion if presented with the new evidence. <u>Sizemore v. Secretary of Health and Human Services</u>, 865 F.2d 709, 711 (6th Cir. 1988). In determining whether to remand a case, the Sixth Circuit Court of Appeals has distinguished between new evidence of the claimant's condition at the time of the administrative hearing and evidence of a subsequent deterioration or change in his condition. The former is deemed material; the later is not. <u>See</u> <u>Sizemore</u>, 865 F.2d at 712.

2

Brown

## DISCUSSION

The materials proffered to the Court were those focusing on the plaintiff's mental condition. However, as the defendant points out, all records were dated after the agency's March, 2003 decision date and, hence, were not automatically "relevant to the period of time at issue. Moreover, setting aside the fact that a negative decision by an administrative law judge had been issued on a subsequent DIB application in 2002 (Tr. 286-296), the fact remains that the Date Last Insured was in <u>2001</u>, making the new records even further removed from the critical time period. Additionally, the new records themselves do not purport to "relate back" to a specific time frame. Even the newly-proffered evidence from the 2003 and 2004 period contains references to being "fairly active," "asymptomatic emotionally" or "doing well" which do not suggest a disabling mental condition and not likely in and of themselves to produce a different result.

The plaintiff's motion to remand will be denied.

This the _13_ day of July, 2005.

G. WIX UNTHANK,
SENIOR JUDGE

3