UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON
Eastern District of Kentucky
FILED
MAR 27 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-93-GWU

TERRY BROWN,                                                    PLAINTIFF,

VS.                    **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                                DEFENDANT.

## INTRODUCTION

The plaintiff originally brought Brown v. Barnhart, London Civ. Action No. 01-172 (E.D. Ky.) to seek judicial review of an administrative decision denying his application for Disability Insurance Benefits (DIB). After administrative reconsideration prompted by the undersigned's Memorandum Opinion, Order and Judgment of June, 2002 (Tr. 308-320), another negative administrative decision was issued (Tr. 258-271). The case is before the Court again on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2.
    See 20 C.F.R. 404.1520(b), 416.920(b).

1

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the

2

Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these

3

symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be

4

considered against the plaintiff, <u>Hale v. Secretary of Health and Human Services</u>, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d

6

279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Court had remanded the case for further consideration, in particular, of three opinions.[1] The first was a statement of probable disability from Steven Spady (Tr. 147), a treating source who had documented EMG abnormalities and clinical evidence of sensory changes (Tr. 147-149). The second was a functional capacity statement from Mark Adams, also a treating source, who referenced MRI findings by another doctor and described the plaintiff as limited to sedentary work and able to stand or walk no more than an hour at a time (Tr. 185). The third was an audiologist's recommendation that the plaintiff, who was described as having moderately severe high frequency hearing loss, use hearing protection if exposed to loud noise. (Tr. 125).[2] The Court also indicated that new evidence could be considered upon remand as well. (Tr. 320).

---

[1]The medical reviewers were unaware of any treating physician statements and, thus, could not be used to discount these opinions. (Tr. 151-1158, 161-168). Furthermore, not every one of Consultative Examiner Toledo's restrictions (Tr. 182) had originally been presented to Vocational Expert William Ellis (Tr. 244-245).

[2]The hypothetical had referred to being around loud <u>machinery</u> but not referred to loud background noise <u>per se</u>.

Upon remand, a negative administrative decision was issued in March, 2003 (Tr. 258-271) and it is this decision which is currently under review. The administrative law judge (ALJ) found that, for the period between July, 1996 through August 24, 1999,[3] the plaintiff suffered from mild degenerative changes at L5-S1 "with a nerve component to the left," complaints of musculoskeletal pain, obesity, controlled hypertension, toxocariasis (retinal scarring), high frequency hearing loss in the left ear, mild deficits in the right ear, mild coal workers' pneumoconiosis, mild depression and a mild obsessive-compulsive disorder. (Tr. 265). He afforded significant weight to the physical limitations mentioned by Consultative Examiner Keith Toledo, and rejected the opinion of Dr. Adams as internally inconsistent and inconsistent with the other evidence of record. (Tr. 265). He also noted that the plaintiff's eye condition appeared the same as when he was still working,[4] and that environmental restrictions were accommodated. (Tr. 266). New evidence from Therapist Thompson was given significant weight regarding the plaintiff's mental condition. (Tr. 265-266). He found that the plaintiff was able to perform a limited range of medium work and relied on jobs identified by a Vocational Expert (VE).

---

[3]During the time the claim was pending before this Court, the plaintiff filed a separate application for benefits which was denied administratively. (Tr. 258, 286-296). Consideration of the claims was not consolidated and the ALJ made no effort to reopen this decision. The plaintiff mentions only the decision on the 1996 claim in his complaint.

[4]See Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir. 1990); Auer v. Secretary of Health and Human Services, 830 F.2d 594 (6th Cir. 1987).

8

At the new administrative hearing, another VE was asked to assume the following characteristics: (1) a limitation to no more than medium exertion, (2) avoiding work involving exposure to dust, fumes, smoke, chemicals or noxious gases, and (3) all "limited but satisfactory" mental abilities. (Tr. 736). Jobs were named in response. (Tr. 736-737). In a second hypothetical question, the assumption was: (1) no more than light level exertion, (2) no more than occasional climbing, stooping, bending, crouching or crawling, (3) requiring a sit-stand option every 30 minutes, (4) being precluded from work that exposes him to dust, fumes, smoke, chemicals or noxious gases and (5) the same psychological restrictions as previously. (Tr. 737). Additional jobs were named.

The undersigned finds that the plaintiff's physical restrictions have now been adequately covered in the hypothetical question given to the VE and proper reasons given to discount the "probable" disability opinion of Dr. Spady as well as the physical restrictions cited by Dr. Adams.[5] The plaintiff has not currently made any specific arguments regarding eye problems and, although the plaintiff's eyesight later deteriorated, one record from 1999 makes it clear that the plaintiff's "bad" eye vision was 20/40 and his old toxocariasis problems were considered stable. (Tr. 523).

The Court does note that the agency did not include any hearing-related restriction, despite the fact that this was one of the specific reasons cited by the

---

[5] The Court also notes that Dr. Adams' progress notes close to the appropriate period indicates that the plaintiff's back pain was largely confined to morning stiffness, and that he denied cardiovascular symptoms. (Tr. 534).

9

undersigned for the original remand of the case. No medical reviewer on remand addressed this aspect of the case, to determine why the audiologist's restriction regarding loud noise (Tr. 125) was unwarranted. However, significantly, the plaintiff makes no argument about this on remand.

New information from the Cumberland River Comprehensive Care Center, from which the plaintiff sought treatment only beginning in late 1999, indicates that the plaintiff had, overall, only mild mental restrictions, as per the GAF scores cited. (E.g., Tr. 366, 390). As the medical reviewers citing seemingly greater specific restrictions did not confine their assessments to the appropriate period (Tr. 581-584, 586-588, 665), the "limited but satisfactory" mental restrictions cited to the VE were adequate.

The decision will be affirmed.

This the 27 day of March, 2006.

G. WIX UNTHANK
SENIOR JUDGE