UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

Eastern District of Kentucky
F I L E D
JAN 0 5 2007
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-93-GWU

TERRY BROWN,                          PLAINTIFF,

VS.             **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

\* \* \* \* \* \*

The case is before the undersigned based on the plaintiff's "motion for reconsideration", construed as a motion to alter or amend; therein, the plaintiff focuses on his hearing and visual problems. The defendant has opposed the motion, and the plaintiff has filed a supplemental memorandum addressing the appropriateness of the medical evidence.

As noted in the undersigned's previous Memorandum Opinion, Docket Entry No. 17, at p. 8, n. 3, there was a completely separate 1999 decision on a subsequent, unreopened, unconsolidated claim for benefits. Additionally, the Date Last Insured was in 2001. Docket Entry No. 13, at p. 3. Thus, the critical period was years before the final agency decision and even more remote than the dates of the recent medical evidence submitted by the plaintiff. Similar to what was noted in the undersigned's separate decision on the motion to remand, extrapolating the findings of the 2006 reports about Brown's tumor back more than five years in time

1

(particularly when the reports about symptoms are qualified with words like "might") is speculative at best.

Additionally, as noted by the defendant, the plaintiff can not use motions to reconsider to raise arguments that could have been made before the judgment was issued. Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). In the medical section of the brief in support of the motion for summary judgment itself, the plaintiff mentioned nothing specifically about his vision problems (including no medical documentation of complaints of double vision) other than decreased vision resulting from a 1993 accident, and only one medical source was cited in connection with this complaint. A reference was made to Audiologist Green's 1997 report concerning a 1.3 percent binaural hearing impairment, without translation of that terms into work related functional capacity assessment terms. No other specific arguments were made.

The motion to reconsider/alter or amend will be denied.

This the 5 day of January, 2007.

G. WIX UNTHANK
SENIOR JUDGE

2